UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLEARWATER INSURANCE COMPANY and EVEREST REINSURANCE COMPANY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 4:16CV195 HEA ) |
| THE DOE RUN RESOURCES CORPORATION f/k/a ST. JOE MINERALS CORPORATION, AIU INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, NORTHBROOK INSURANCE COMPANY, and ZURICH INSURANCE COMPANY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Third-Party Defendants Continental Casualty and The Continental Insurance Company's (collectively "Continental") Motion to Strike Third Party Claims and Vacate Order, [Doc. No. 260]. Third-Party Plaintiff, First State Insurance Company ("First State") opposes the Motion. For the reasons set forth below, the Motion is denied.

Rule 14(a)(1) of the Federal Rules of Civil Procedure allows a defendant to, "as a third-party plaintiff, serve ... a nonparty who is or may be liable to it for all or part of the claim against it." In addition to permitting impleader of third-party

defendants when they may have derivative liability, joinder is also proper under Rule 14 if a party is secondarily liable for claims of contribution and indemnity.

This Court has "considerable discretion in deciding whether to permit a third-party complaint." *Too, Inc. v. Kohl's Dept. Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003); *see also Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 448 (8th Cir. 1965) ("Where leave to bring in additional parties is requested, discretion rests in the trial court to determine whether relief should be granted."). "The criteria for granting a motion to amend under Rule 15 are useful in assessing a motion to add a third-party defendant." *Am. Home Assur. Co. v. Greater Omaha Packing Co., Inc.*, 2013 WL 1502238, at *1 (D. Neb. Apr. 11, 2013). Under Rule 15, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008).

Although Third-Party Defendant argues that there has been undue delay, the Court finds otherwise. Pursuant to the scheduling order, motions for leave to add parties were to be filed by October 2, 2017. First State complied with that deadline. Phase II of litigation has not yet progressed to the point of excluding Continental from discovery or preparation for trial, which is set more than a year

from now.  Any discovery requests Continental may raise with regard to Phase I will be favorably considered by the Court, considering the joinder of Continental at this stage.  Indeed, the Court is confident that any issues regarding the Continental policies can be resolved by the parties, as was accomplished with regard to the other policies.  Adding Continental will not appreciably delay proceedings. There appears to be no bad faith motive in bringing this third-party complaint where it details the existence of certain insurance policies that may provide coverage for the underlying suit, or may provide for contribution according to the equitable shares of each insurer. There is no futility apparent on the face of the third-party complaint.  All the claims appear intertwined with one another.  Finally, this Court finds no unfair prejudice. As noted, this action involves the insurance policies which may or may not cover Doe Run's obligations.  It is not prejudicial for the coverage issues to be adjudicated in a single proceeding.

In sum, this Court finds there is no basis for the motion to strike.

Accordingly,

**IT IS HEREBY ORDRED**  that Third-Party Defendants Continental Casualty and The Continental Insurance Company's Motion to Strike Third Party Claims

and Vacate Order, [Doc. No. 260], is **denied**.

Dated this 26th day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE